**Robert Floyd CRANK, Petitioner–Appellant,**

v.

**Terry JENKS, Executive Director Pardon & Parole Board, Department of Corrections, State of Oklahoma, Respondent–Appellee.**

No. 07–7000.

United States Court of Appeals, Tenth Circuit.

May 21, 2007.

Robert F. Crank, Taft, OK, pro se.

Cary M. Pirrong, Oklahoma Pardon & Parole Board, Oklahoma City, OK, for Respondent–Appellee.

Before LUCERO, HARTZ, and GORSUCH, Circuit Judges.

### ORDER DENYING A CERTIFICATE OF APPEALABILITY

CARLOS F. LUCERO, Circuit Judge.

Robert F. Crank, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2241 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS.**

Crank is serving a 35–year sentence for Attempted Robbery with Firearms and Shooting with Intent to Kill. Upon enter-

ing prison in 1995, Crank was scheduled for an initial parole hearing in December 2001. In 1998, following passage of a new state law amending parole eligibility, *see* Okla. Stat. tit. 57, § 332.7, Crank's initial parole hearing was rescheduled for May 2006. Arguing that the retroactive application of this statute violates the Ex Post Facto Clause of the Constitution, Crank filed a 28 U.S.C. § 2241 habeas petition on September 19, 2005. The district court dismissed Cranks petition, finding that he had failed to exhaust his state remedies, and did not grant a COA. Crank now seeks a COA from this court.[1]

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000) (*citing Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Crank could have filed a habeas petition in state court pursuant to Okla. Stat. tit. 12, § 1331, but failed to do so. He asserts that a state habeas petition would be futile, but makes only conclusory allegations of general bias. "We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir.1981). Crank has not made an affirmative showing that a state habeas petition would be futile.

For the reasons set forth above, Crank's request for a COA is **DENIED**, and his appeal is **DISMISSED**. All pending motions are **DENIED**.

---

1. AEDPA conditions a state petitioner's right to appeal a denial of habeas relief upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Crank to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.* *McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). Because the district court did not rule on whether to grant a COA, we assume it was denied. 10th Cir. R. 22.1(C). Accordingly, Crank may not appeal the district court's decision absent a grant of a COA by this court.